## 65883. HELMS v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION.

McMURRAY, Presiding Judge.

On May 3, 1976, Christine G. Taylor borrowed $72,000 from Fulton Federal Savings and Loan Association, a federally chartered federal savings and loan association established pursuant to the Home Owners' Loan Act, 12 USC § 1461 et seq., to purchase a certain house and lot in Fulton County, Georgia. The loan was evidenced by a certain note bearing interest at the rate of 8.75% per annum which was secured by a certain deed to secure debt transferring the property to the lender. The subject deed to secure debt contained an agreement that if the member (the borrower) conveys any interest in the property to any person whomsoever without the consent of the lender, the lender may, at its option accelerate the note secured by this deed and declare the entire principal thereof and all accrued interest thereon immediately due and payable. Upon the occurrence

of such acceleration, the member agrees that he will immediately repay in full the unpaid principal balance of such note plus all accrued interest thereon. It also contained this language: "The Association [lender] shall not be deemed to have waived its right to so accelerate such note by its acceptance of any payment or payments from any person acquiring such interest in the property from the Member [borrower]." Thereafter, on July 28, 1978, Christine G. Taylor conveyed the property to Elisabeth Ann Helms by warranty deed subject to the deed to secure debt in favor of Fulton Federal Savings and Loan Association, and Helms agreed to assume and pay the indebtedness. At that time Fulton Federal did not accelerate the loan and did not object to the terms and conditions of the sale nor did it attempt to increase, at the time of the assumption of this obligation, the interest rate thereon.

In July 1981 Helms listed the property for sale and received an offer from two individuals to purchase the property from her for the price of $213,750. She accepted the offer but the offer to purchase and acceptance agreement contained a stipulation that if lender approval was required as a prerequisite to the purchaser assuming the loan, purchaser would immediately apply for and diligently pursue such approval but the agreement is contingent upon the purchaser's ability to obtain such approval if required, "with an increased interest rate not to exceed 8.75% per annum; and, if Purchaser is unable to obtain such approval after diligently attempting to do so, then this contract shall be null and void and all earnest money shall be refunded to the Purchaser." When the prospective purchasers attempted to obtain approval for the assumption of the loan from the lender, they were advised that Fulton Federal would agree to the loan assumption if they would agree to an increase of the interest rate on the remaining principal balance from 8.75% per annum to 14% per annum and that at that particular point in time the prevailing interest for new loans made by the lender was 16-5/8% per annum. Helms thereupon notified Fulton Federal that she considered this to constitute an unreasonable restraint of alienation which would result in damages for which she would hold Fulton Federal legally accountable in the event the mortgage assumption was denied without a showing by Fulton Federal that its security has or will be impaired. Whereupon, Fulton Federal notified Helms that it did not have the right to increase the rate of interest but merely has the right to accelerate the note you have assumed if you transfer the property without its consent, but if your purchaser is able to agree with Fulton Federal as to a modification of the loan with respect to a rate of interest acceptable to both, then Fulton Federal will not exercise its acceleration rights. The prospective purchasers did not agree to the

increase in interest rate, the sale did not close, and the property has not been sold subsequently.

Whereupon on August 5, 1981, Elisabeth Ann Helms sued Fulton Federal Savings and Loan Association, setting forth in substance the above facts, for tortiously interfering with the plaintiff's contract rights by advising a prospective purchaser of real estate that if the purchaser bought the said property from the plaintiff the defendant would increase the interest mortgage rate from 8.75% per annum to 14% per annum. As the result of such communication by the defendant to the prospective purchasers, the purchasers refused to purchase said property by reason of which the plaintiff has been damaged. Plaintiff sought $100,000 or such other sum as may be shown at trial, among other things, including attorney fees.

The defendant answered the complaint, in general, denying same and admitting only jurisdiction.

By use of discovery and based upon the stipulation of facts agreed to by both parties the matter was submitted to the trial court for summary judgment consideration with reference to the language of the deed to secure debt shown above which is commonly referred to as a "due-on-sale" clause. The defendant had moved for summary judgment and a cross-motion of the plaintiff was for partial summary judgment on the question of liability only, with damages, if any, to be reserved for later disposition. The main contention of the plaintiff, as set forth in the trial court's order, was that she was not a "member" and the "due-on-sale" was not applicable to her, member being defined in the subject deed to secure debt as the plaintiff's grantor. The court held that the language of the deed was such that the defendant had not waived its right to accelerate the note by reason of the language that "by its acceptance of any payment or payments from any person acquiring such an interest in the property from the Member." The trial court then called attention to the fact that on July 31, 1976, the Federal Home Loan Bank Board which regulates the defendant, issued a regulation that such federal savings and loan associations continue to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instrument whereby the association may, at its option, declare immediately due and payable sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent, thereby approving such "due-on-sale" clause. This regulation is found in 12 CFR § 545.6-11 (f), now 12 CFR § 545.8-3 (f) (1982). Among other findings by the court was the fact that a recent decision (June 28, 1982) of the Supreme Court of the United

States in Fidelity Fed. Savings & Loan Assn. v. de la Cuesta,——U. S. —— (102 SC 3014, 73 LE2d 664) was controlling wherein that court held " 'The Federal Home Loan Bank Board's due-on-sale regulation pre-empts conflicting state limitations on the due-on-sale practices of federal savings and loan associations . . . [and such federal regulations] have no less pre-emptive effect than federal statutes [and the Federal Home Loan Bank Board] acted within its statutory authority in issuing the pre-emptive due-on-sale regulation.' " In summary, the trial court held that the plaintiff stood "in the shoes" of her predecessor in interest and found that no violation of the Georgia usury laws had occurred by the defendant's actions nor did the defendant act unlawfully or unreasonably in withholding its consent to transfer the subject deed to secure debt, and the transaction was not to be construed by state law but rather by federal law. The plaintiff appeals. *Held:*

As the plaintiff stood "in the shoes" of her predecessor in interest and without further determination as to whether or not a "due-on-sale" clause, such as here, would violate Georgia law so as to authorize the suit in question, this case is controlled adversely to the plaintiff by reason of the decision in Fidelity Fed. Savings & Loan Assn. v. de la Cuesta, —— U. S. ——, supra. That decision had the effect of declaring a court decision of the State of California (otherwise known as the Wellenkamp doctrine) to be erroneous in holding a "due-on-sale" clause of a federal savings and loan association violative of California's prohibition of unreasonable restraints on alienation. The enumerations of error are therefore not meritorious as the trial court did not err in its ruling.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 14, 1983 —
REHEARING DENIED JUNE 28, 1983 — Before Judge Hicks.

*Sidney L. Moore, Jr.,* for appellant.
*James A. Gilbert, Gary W. Hatch,* for appellee.